**Fill in this information to identify the case:**

Debtor name   PERT, PLLC

United States Bankruptcy Court for the:  Northern District of Texas

Case number (If known):   26-40618-11

❑ Check if this is an
amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/25

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

| Part 1: | Income |
| --- | --- |

1. **Gross revenue from business**

   ☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
| --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** From _____ to Filing date <br> MM / DD / YYYY | ☐ Operating a business <br> ☐ Other | $_____ |
| **For prior year:** From _____ to _____ <br> MM / DD / YYYY      MM / DD / YYYY | ☐ Operating a business <br> ☐ Other | $_____ |
| **For the year before that:** From _____ to _____ <br> MM / DD / YYYY      MM / DD / YYYY | ☐ Operating a business <br> ☐ Other | $_____ |

2. **Non-business revenue**

   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☑ None

| | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
| --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** From _____ to Filing date <br> MM / DD / YYYY | _____ | $_____ |
| **For prior year:** From _____ to _____ <br> MM / DD / YYYY      MM / DD / YYYY | _____ | $_____ |
| **For the year before that:** From _____ to _____ <br> MM / DD / YYYY      MM / DD / YYYY | _____ | $_____ |

Debtor    PERT, PLLC _____    Case number (*if known*) 26-40618-11 _____
          Name

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |

**3. Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.1. _____ <br> Creditor's name | | $_____ | ☐ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ☐ Other _____ |
| 3.2. _____ <br> Creditor's name | | $_____ | ☐ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ☐ Other _____ |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1. _____ <br> Insider's name | _____ <br><br> _____ <br><br> _____ | $_____ | |
| **Relationship to debtor** <br> _____ | | | |
| 4.2. _____ <br> Insider's name | _____ <br><br> _____ <br><br> _____ | $_____ | |
| **Relationship to debtor** <br> _____ | | | |

Debtor   PERT, PLLC
_____
Name

Case number (*if known*) 26-40618-11
_____

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | _____<br>Creditor's name | | _____ | $_____ |
| 5.2. | _____<br>Creditor's name | | _____ | $_____ |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| _____<br>Creditor's name | | _____ | $_____ |

Last 4 digits of account number: XXXX– _____

## Part 3:   Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | | | | ☐ Pending<br>☐ On appeal<br>☐ Concluded |
| | Case number<br>_____ | | | |
| 7.2. | Case title | | Court or agency's name and address | ☐ Pending<br>☐ On appeal<br>☐ Concluded |
| | Case number<br>_____ | | | |

Debtor    PERT, PLLC _____    Case number *(if known)* 26-40618-11 _____
          Name

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| _____ Custodian's name | _____ | $_____ |
| | **Case title** | **Court name and address** |
| | _____ | _____ Name |
| | **Case number** | |
| | _____ | |
| | **Date of order or assignment** | |
| | _____ | |

## Part 4:   Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1. _____ Recipient's name | | _____ | $_____ |
| | | _____ | $_____ |
| **Recipient's relationship to debtor** _____ | | | |
| 9.2. _____ Recipient's name | | _____ | $_____ |
| | | _____ | $_____ |
| **Recipient's relationship to debtor** _____ | | | |

## Part 5:   Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| _____ | | _____ | $_____ |

Debtor     PERT, PLLC                                       Case number *(if known)* 26-40618-11
          Name

## Part 6:   Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | _____ | | _____ | $_____ |
| | **Address** | | | |
| | **Email or website address** _____ | | | |
| | **Who made the payment, if not debtor?** _____ | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | _____ | | _____ | $_____ |
| | **Address** | | | |
| | **Email or website address** _____ | | | |
| | **Who made the payment, if not debtor?** _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| _____ | | _____ | $_____ |
| **Trustee** _____ | | | |

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**          page **5**

Debtor  PERT, PLLC                                             Case number (*if known*) 26-40618-11
Name

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1. _____ | | _____ | $_____ |
| Address | | | |
| Relationship to debtor | | | |
| _____ | | | |
| Who received transfer? | | _____ | $_____ |
| 13.2. _____ | | | |
| Address | | | |
| Relationship to debtor | | | |
| _____ | | | |

---

**Part 7:    Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy |
|---|---|
| 14.1. | From _____ To _____ |
| 14.2. | From _____ To _____ |

Debtor  PERT, PLLC
_____
Name

Case number (*if known*) 26-40618-11
_____

---

| Part 8: | Health Care Bankruptcies |

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

❑ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. _____ Facility name | | _____ |
| | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** *Check all that apply:* ❑ Electronically ❑ Paper |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.2. _____ Facility name | | _____ |
| | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** *Check all that apply:* ❑ Electronically ❑ Paper |

---

| Part 9: | Personally Identifiable Information |

**16. Does the debtor collect and retain personally identifiable information of customers?**

❑ No.

☑ Yes. State the nature of the information collected and retained. Patient Data _____

Does the debtor have a privacy policy about that information?

❑ No

☑ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

❑ No. Go to Part 10.

❑ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: _____ |

Has the plan been terminated?

❑ No

❑ Yes

---

Debtor __PERT, PLLC_____     Case number *(if known)* __26-40618-11_____
      <sub>Name</sub>

| **Part 10:** | **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units** |
|---|---|

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | _____<br><sub>Name</sub> | XXXX–_____ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |
| 18.2. | _____<br><sub>Name</sub> | XXXX–_____ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br><sub>Name</sub> | | | ☐ No<br>☐ Yes |
| **Address** | | | |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br><sub>Name</sub> | | | ☐ No<br>☐ Yes |
| **Address** | | | |

Debtor ___PERT, PLLC_____ Case number (*if known*)_26-40618-11_____
　　　　　Name

---

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| _____<br>Name | | | |

---

## Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| _____<br><br>**Case number**<br><br>_____ | _____<br>Name | | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____<br>Name | _____<br>Name | | _____ |

---

Debtor      PERT, PLLC
_____
Name

Case number (*if known*) 26-40618-11
_____

---

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ | _____ | | _____ |
| Name | Name | | |

---

## Part 13:   Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1. _____<br>Name | | EIN: _____ <br><br>**Dates business existed**<br><br>From _____    To _____ |
| 25.2. _____<br>Name | | EIN: _____ <br><br>**Dates business existed**<br><br>From _____    To _____ |
| 25.3. _____<br>Name | | EIN: _____ <br><br>**Dates business existed**<br><br>From _____    To _____ |

---

Official Form 207        **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**        page **10**

Debtor  PERT, PLLC
_____
Name

Case number (*if known*) 26-40618-11
_____

---

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☑ None

| Name and address | Dates of service |
|---|---|
| 26a.1. _____<br>Name | From _____<br><br>To _____ |

| Name and address | Dates of service |
|---|---|
| 26a.2. _____<br>Name | From _____<br><br>To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None

| Name and address | Dates of service |
|---|---|
| 26b.1. _____<br>Name | From _____<br><br>To _____ |

| Name and address | Dates of service |
|---|---|
| 26b.2. _____<br>Name | From _____<br><br>To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☑ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. _____<br>Name | |

---

Debtor __PERT, PLLC_____    Case number (*if known*)_26-40618-11_____
         Name

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. _____<br>Name | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|
| 26d.1. _____<br>Name |

| Name and address |
|---|
| 26d.2. _____<br>Name |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

❏ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. _____<br>Name |

Debtor ___PERT, PLLC_____     Case number (*if known*)__26-40618-11_____
      Name

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

**Name and address of the person who has possession of inventory records**

27.2. _____
      Name

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| | | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No
☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| | | | _____ To _____ |
| | | | _____ To _____ |
| | | | _____ To _____ |
| | | | _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. _____<br>    Name | _____ | _____ | |
| | | _____ | |
| | | _____ | |
| **Relationship to debtor** | | _____ | |
| _____ | | | |

Debtor ___PERT, PLLC_____  Case number (*if known*)___26-40618-11_____
         Name

---

**Name and address of recipient**                                                          _____  _____

30.2   _____                                                    _____
        Name
                                                                                                            _____

                                                                                                            _____

                                                                                                            _____

**Relationship to debtor**                                                                                   _____

_____

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

❑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| _____ | EIN: _____ |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

❑ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| _____ | EIN: _____ |

---

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   ___03/12/2026___
              MM / DD / YYYY

✘ /s/ Megan Pearce _____        Printed name  Megan Pearce _____
Signature of individual signing on behalf of the debtor

Position or relationship to debtor  ___Member_____

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☑ No

❑ Yes

---

Richard G. Grant
Tex. Bar No. 08302650
CM LAW, LLP
National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

ATTORNEYS FOR
DEBTORS IN POSSESSION

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| In re: | § | |
|---|---|---|
| | § | |
| ER OF TEXAS, LLC, ET AL.,[1] | § | Case No. 24-40606-11 |
| | § | Chapter 11 |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

**ADDENDUM TO OFFICIAL FORM 207: STATEMENT OF FINANCIAL
AFFAIRS FOR NON-INDIVIDUALS**

This Addendum supplements Official Form 207 for each Debtor entity listed below. The Debtors reserve all rights to amend or supplement as additional information becomes available.

**Debtor Entities:**

| No. | Entity | Case No. | EIN |
|---|---|---|---|
| 1 | ER of Texas, LLC | 26-40606 | 85-1751319 |
| 2 | ER of Texas Colleyville, LLC | 26-40608 | 87-1585575 |
| 3 | ER of Texas Frisco, LLC | 26-40609 | 85-1820777 |
| 4 | ER of Texas Highland Village, LLC | 26-40611 | 85-1794491 |
| 5 | ER of Texas Hillcrest LLC | 26-40612 | 87-1552062 |

---

[1] The debtors and debtors in possession are ER of Texas, LLC (EIN: 85-1751319); ER of Texas Colleyville, LLC (EIN: 87-1585575); ER of Texas Frisco, LLC (EIN: 85-1820777); ER of Texas Highland Village, LLC (EIN: 85-1794491); ER of Texas Hillcrest LLC (EIN: 87-1552062); ER of Texas Hurst, LLC (EIN: 87-1558323); ER of Texas Little Elm, LLC (EIN: 85-1778208); ER of Texas Texoma, LLC (EIN: 87-1558137); ER of Texas Uptown, LLC (EIN: 87-1651640); MedOPs Staffinwg, LLC (EIN: 83-4637945); and PERT, PLLC (EIN: 85-3330746). The mailing address of the debtors is 2800 Little Elm Parkway, Little Elm, Texas 75068.

| 6 | ER of Texas Hurst, LLC | 26-40613 | 87-1558323 |
| 7 | ER of Texas Little Elm, LLC | 26-40614 | 85-1778208 |
| 8 | ER of Texas Texoma, LLC | 26-40615 | 87-1558137 |
| 9 | ER of Texas Uptown, LLC | 26-40616 | 87-1651640 |
| 10 | MedOps Staffing, LLC | 26-40617 | 83-4637945 |
| 11 | PERT, PLLC | 26-40618 | 85-3330746 |

Petition Date: February 10, 2026. Mailing address for all Debtors: 2800 Little Elm Parkway, Little Elm, Texas 75068.

*Part 1: Income*

**Question 1. Gross revenue.**

*"Estimate the debtor's gross revenue from business for each of the following years: From the beginning of the fiscal or calendar year of filing to the date of filing; For the year before that."*

All Debtors' revenue derives from third-party payor remittances from commercial insurers (including UnitedHealthcare, BCBS Texas, Cigna, Aetna, UMR, and others) and government healthcare programs. Revenue is collected through electronic funds transfers, lockbox receipts, and other payment mechanisms into entity-specific bank accounts.

Revenue is generated at the site-entity level and flows through the following revenue accounts for each operating Debtor. MedOps Staffing, LLC and PERT, PLLC generate revenue through intercompany service arrangements with the operating entities. ER of Texas, LLC (parent) receives intercompany transfers from site-level entities and Encore Bank lockbox deposits.

Per-entity gross revenue (accrual basis) from the Debtors' Accrual Profit & Loss Statements for the period January 1, 2024 through February 28, 2026 is as follows:

| Debtor | 2024 Revenue | 2025 Revenue | Jan 1 – Feb 28, 2026 | Total |
|---|---|---|---|---|
| ER of Texas Texoma, LLC | $11,146,182.09 | $14,133,526.66 | $1,741,387.52 | $27,021,096.27 |
| ER of Texas Little Elm, LLC | $10,603,779.21 | $12,901,061.89 | $1,652,262.80 | $25,157,103.90 |
| ER of Texas Hurst, LLC | $10,688,856.61 | $10,094,771.83 | $1,134,069.09 | $21,917,697.53 |

| | | | |
|---|---|---|---|
| ER of Texas Colleyville, LLC | $9,904,098.42 | $10,310,162.32 | $1,357,047.01 | $21,571,307.75 |
| ER of Texas Hillcrest LLC | $8,367,612.66 | $7,723,754.39 | $991,497.39 | $17,082,864.44 |
| ER of Texas Highland Village, LLC | $6,535,190.15 | $6,666,734.24 | $951,797.50 | $14,153,721.89 |
| ER of Texas Frisco, LLC | $5,082,237.26 | $1,457,932.68 | $0.00 | $6,540,169.94 |
| ER of Texas Uptown, LLC | $1,602,751.30 | $0.00 | $0.00 | $1,602,751.30 |
| **All Site Entities (Total)** | **$63,930,707.70** | **$63,287,944.01** | **$7,828,061.31** | **$135,046,713.02** |

The above figures are derived from the Debtors' Accrual Profit & Loss Statements (prepared on an accrual basis, last generated March 11, 2026). The January–February 2026 column reflects a full two-month period (through February 28, 2026) and therefore includes revenue accrued after the Petition Date of February 10, 2026. ER of Texas Frisco, LLC ceased operations in 2025 and ER of Texas Uptown, LLC ceased operations in 2024; neither entity generated revenue in 2026. ER of Texas, LLC (parent), MedOps Staffing, LLC, and PERT, PLLC do not independently generate medical services revenue; their income derives from intercompany service arrangements with the operating site-level entities.

**Question 2. Non-business revenue.**

*"Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1."*

None. No Debtor received non-business income during the two-year lookback period. All receipts are from healthcare operations.

---

### Part 2: List Certain Transfers Made Before Filing for Bankruptcy

**Question 3. Certain payments or transfers to creditors within 90 days before filing this case.**

*"List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)"*

In the ordinary course, the Debtors made payments from their respective operating and revenue accounts to secured lenders, MCA providers, trade vendors, and service providers. Payments within the 90-day period include:

*All Debtors (joint obligations):*

- Encore Bank, N.A. — ordinary-course debt service on senior secured credit facility (aggregate balance approx. $400,000 at filing).
- Newtek Business Services Holdco 6, Inc. — payments on $15,000,000 junior secured term loan.

*Debtor-specific MCA and financing payments identified in bank records:*

- **ER of Texas Colleyville, LLC / ER of Texas Hurst, LLC** — Avanza Capital Holdings, LLC (MCA dated November 6, 2025).
- **ER of Texas Hillcrest LLC** — Avanza Capital Holdings, LLC (MCA dated October 22, 2025); Forever Funding LLC; Raptor Merchant Service LLC.
- **ER of Texas Little Elm, LLC** — CapitalDomain LLC; Newco Capital Group; Capybara Capital, LLC.
- **ER of Texas Texoma, LLC** — Riverside Capital; FundPro Solutions; Dependance Platinum; Avion 3678.
- **ER of Texas Frisco, LLC** — MCA Funding Group; Legacyhealth.
- **ER of Texas Highland Village, LLC** — Riverside Capital; Insight Capital; Legacyhealth.
- **ER of Texas, LLC** — Forever Funding LLC (MCA dated September 22, 2025); daily ACH debits from account ...5678.

The Debtors have compiled the following summary of aggregate payments to MCA and financing creditors within the 90-day period (total: $1,837,961.15), identifying the debiting accounts and debtor entities from which the transfers were made:

| Creditor | Amount Paid (90 Days) | Debiting Account(s) | Debtor Entity |
|---|---|---|---|
| Newco Capital Group | $535,180 | Chase ...8068 (Revenue) | ER of Texas Little Elm, LLC |
| Panthers Capital | $284,000 | Chase ...5678 (Operating) | ER of Texas, LLC (parent) |
| Avanza Capital Holdings | $193,064 | Chase ...8168 (Revenue); Chase ...6032 (Revenue) | ER of Texas Hillcrest LLC; ER of Texas Highland Village, LLC |
| W Funding | $187,375 | Chase ...5678 (Operating) | ER of Texas, LLC (parent) |
| Got Funded | $135,598 | Chase ...7210 (Revenue); Chase ...6987 (Revenue) | ER of Texas Hurst, LLC; ER of Texas Colleyville, LLC |

| Capybara Capital | $109,272 | Chase ...5678 (Operating) | ER of Texas, LLC (parent); ER of Texas Little Elm, LLC |
|---|---|---|---|
| Forever Funding LLC | $90,372 | Chase ...5678 (Operating) | ER of Texas, LLC (parent) |
| Lendr | $79,627 | Chase ...5678 (Operating) | ER of Texas, LLC (parent) |
| MCA Funding Group | $53,130 | Chase ...2167 (Revenue) | ER of Texas Frisco, LLC |
| Gcap Holdings | $48,555 | Chase ...7210 (Revenue) | ER of Texas Hurst, LLC |
| Core Funding / Merchant Capital | $47,494 | Chase ...5678 (Operating) | ER of Texas, LLC (parent) |
| EnOd Funding | $38,400 | Chase ...5678 (Operating) | ER of Texas, LLC (parent) |
| Capital Two | $23,894 | Chase ...5678 (Operating) | ER of Texas, LLC (parent) |
| Insight Capital | $12,000 | Chase ...5678 (Operating) | ER of Texas, LLC (parent) |

All MCA payments were effectuated through daily or weekly ACH debits from the designated debtor-entity bank accounts, as authorized under the respective MCA agreements. The Debtors will supplement with additional date-specific detail as necessary.

**Question 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider.**

*"List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31)."*

Answer: None

**Question 5. Repossessions, foreclosures, and returns.**

*"List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6."*

None. No property of any Debtor was repossessed, foreclosed upon, or returned to a seller within 1 year before the Petition Date.

---

## Question 6. Setoffs.

*"List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt."*

As described above, lien notices were filed and accounts frozen.  All such funds have been returned postpetition.

---

### *Part 3: Legal Actions or Assignments*

## Question 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits.

*"List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case."*

| Item | Detail |
|---|---|
| Case Name | *Four Wire Investments, LLC v. TMC Coppell MC, LLC, et al.* |
| Court | District Court of Harris County, Texas |
| Filed | August 16, 2024 |
| Plaintiff | Four Wire Investments, LLC d/b/a XtreMed Enterprise a/k/a National Imaging Solutions |
| Debtor-Defendants | ER of Texas, LLC; ER of Texas Colleyville, LLC; ER of Texas Hurst, LLC; ER of Texas Texoma, LLC; ER of Texas Uptown, LLC |
| Claims | Breach of Binding Mediated Settlement Agreement (June 7, 2022); Suit on Sworn Account |
| Amount in Dispute | Approx. $87,500 remaining of $400,000 settlement |

Debtors not named as defendants in this action: ER of Texas Frisco, LLC; ER of Texas Highland Village, LLC; ER of Texas Hillcrest LLC; ER of Texas Little Elm, LLC; MedOps Staffing, LLC; PERT, PLLC.

| Item | Detail |
|---|---|
| Case Name | *Simmons Bank v. ER of Texas, LLC and ER of Texas Frisco, LLC.* |
| Court | 471st Judicial District Court, Collin County, Texas |
| Cause Number | 471-01615-2025 |
| Filed | 2025 (First Amended Petition dated December 19, 2025) |
| Plaintiff | Simmons Bank, An Arkansas State-Chartered Bank |
| Debtor-Defendants | ER of Texas, LLC |
| Individual Defendants | Michele Brownfield, Ron Walraven, Michael Hawk (as Guarantors) |
| Claims | Breach of Sublease Agreement (dated December 14, 2021) for property at 16300 State Highway 121, Frisco, Texas; Breach of Guaranty; Suit on Account |
| Amount in Dispute | Approx. $483,877.04 (unpaid rent, late charges, and real estate taxes for 2022, 2024, and 2025) |
| Status | **Open** — ER of Texas, LLC and Ron Walraven filed Amended Original Answer on January 2, 2026, asserting defenses of waiver, estoppel, mitigation, first breach, and offset |

The Sublease provided for monthly rent of $34,562.50 and pro rata real estate tax payments. ER of Texas ceased making payments in December 2024, and Simmons Bank evicted ER of Texas in early April 2025, terminating the Sublease on September 24, 2025. Total unpaid amounts allegedly consist of $353,228.52 in rent and late charges and $130,648.52 in unpaid real estate taxes and associated late charges. The individual Guarantors (Brownfield, Walraven, and Hawk) each allegedly executed unconditional guaranty agreements in connection with the Sublease.

| Item | Detail |
|---|---|
| Case Name | *Dr. Mohammed Moiz Qureshi v. ER of Texas, LLC, ER of Texas Frisco, LLC, and Bradley Woy* |

| Court | 191st Judicial District Court, Dallas County, Texas |
|---|---|
| Cause Number | DC-24-10969 |
| Filed | July 23, 2024 |
| Plaintiff | Dr. MohammedMoiz Qureshi |
| Debtor-Defendants | ER of Texas, LLC; ER of Texas Frisco, LLC |
| Non-Debtor Defendant | Bradley Woy |
| Claims | Breach of Executive Director Agreement (against ER of Texas, LLC); Breach of Physician/Subscription Agreement (against ER of Texas Frisco, LLC); Breach of March 1, 2024 Settlement Agreement (against all defendants); Unjust Enrichment; Quantum Meruit |
| Amount in Dispute | Over $250,000 but not more than $1,000,000 (including approx. $126,000 in unpaid Executive Director compensation, $125,000 capital contribution, and $52,923.60 in unpaid clinical hours, plus exemplary damages) |
| Status | **Open** — Judgement entered against ER of Texas, LLC and ER of Texas – Frisco, LLC. Appeal filed on Petition Date. |

Dr. Qureshi alleges he served as Executive Director of nine ER of Texas clinics from April through October 2023 and was not compensated, and that he invested $125,000 in ER of Texas Frisco, LLC Class B shares under a Physician Agreement that was not honored. He further alleges defendants agreed to a $185,000 settlement on March 1, 2024, made an initial $15,000 payment, and failed to make any subsequent payments. Debtor asserts that the claim is offset by $150,000 in late fees.

| Item | Detail |
|---|---|
| Case Name | *Imaging Solutions, Inc. v. ER of Texas Highland Village, LLC* |
| Court | District Court, Denton County, Texas |
| Cause Number | 24-9867-431 |
| Filed | October 16, 2024 |
| Plaintiff | Imaging Solutions, Inc. |
| Debtor-Defendant | ER of Texas Highland Village, LLC |
| Claims | Petition to confirm arbitration award dated December 8, 2023, by Arbitrator Patricia Monson, under the Federal Arbitration Act and Texas General Arbitration Act |
| Status | **Open; Settlement Agreement Pending** |

| Item | Detail |
|---|---|
| Case Name | *Imaging Solutions, Inc. v. ER of Texas Little Elm, LLC* |
| Court | District Court, Denton County, Texas |
| Cause Number | 24-9925-431 |
| Filed | October 16, 2024 |
| Plaintiff | Imaging Solutions, Inc. |
| Debtor-Defendant | ER of Texas Little Elm, LLC |
| Claims | Petition to confirm arbitration award dated December 8, 2023, by Arbitrator Patricia Monson, under the Federal Arbitration Act and Texas General Arbitration Act |
| Status | **Open; Settlement Agreement Pending** |

The Imaging Solutions claims relate to equipment services provided to the Highland Village and Little Elm facilities. The aggregate claimed amount is approximately $55,037.03 (disputed).

**Prepetition Demand (Not Yet Filed as Lawsuit):**

JC Graphics, Inc. issued a demand letter dated July 30, 2025, asserting claims for unpaid advertising design and printing services totaling approximately $161,000 across 304 unpaid invoices for services rendered between 2022 and 2023. The demand was directed to ER of Texas, LLC and related entities, threatening litigation if the debt was not resolved within 30 days. No lawsuit has been identified as filed as of the Petition Date.

**Medical Malpractice Claims**

| Item | Detail |
|---|---|
| Case Name | *Lawson Polley v. [Physician]* |
| Court | 236th District Court, Texas |
| Filed | February 9, 2023 |
| Cause Number | 236-340000-23 |
| Insured Entity | PERT, PLLC (TMLT Policy No. 1-458570) |
| Claims | Medical malpractice |
| Status | **Open** — $0 indemnity payment to date |
| Incident Date | November 16, 2015 |

This claim was reported under PERT, PLLC's professional liability insurance policy with the Texas Medical Liability Trust (TMLT). The individual physician defendant is insured under PERT, PLLC's shared policy (limits of $1,000,000/$3,000,000).

**Additional Closed Medical Malpractice Claims (within 10 years, per TMLT loss runs):**

The following suits were filed against individual physicians insured under PERT, PLLC's TMLT professional liability policy and have been closed with $0 indemnity payments:

| Claimant | Cause No. | Court | Filed | Closed | Indemnity |
|---|---|---|---|---|---|
| Chyanne Nichols | 342-301065-18 | 342nd District Court | 7/23/2018 | 3/6/2023 | $0 |
| Peggy Stephens | 34179 | 90th District Court | 8/5/2020 | 8/12/2022 | $0 |
| Temilya Ford | 342-319786-20 | 342nd District Court | 9/14/2020 | 3/12/2021 | $0 |
| Daniel Crawford | 153-303581-18 | 153rd District Court | 1/31/2019 | 1/10/2020 | $0 |

**Entity-Level Claims (MedPro/National Fire & Marine Insurance Company):** ER of Texas LLC maintained a professional liability and general liability policy with National Fire & Marine Insurance Company (Policy No. HN055617/EN055617) for the period from October 6, 2020 through April 29, 2024. No claims were reported, and no losses were incurred under this policy.

**Prepetition Garnishment/Attachment Actions:**

| Item | Detail |
|---|---|
| Action | UCC Lien Notice and Account Receivable Hold |
| Date | January 25, 2026 |
| Creditor | PMT220 LLC (servicing agent for Insight Capital LLC) |
| Debtors Affected | ER of Texas, LLC; ER of Texas Colleyville; ER of Texas Frisco; ER of Texas Highland Village; ER of Texas Hillcrest; ER of Texas Hurst; ER of Texas Little Elm; ER of Texas Texoma; ER of Texas Uptown; Ronnie Frank Walraven |
| Directed To | First American Payment Systems |
| Nature | Assertion of default on merchant agreement; demand for hold on merchants' accounts receivable and redirection of payments to Insight Capital LLC |
| UCC Filing | Filed with Secretary of State via C T Corporation System, as Representative |

PMT220 LLC, acting as servicing agent for Insight Capital LLC, issued a UCC lien notice and account hold letter to First American Payment Systems on January 25, 2026, asserting

that the above-listed Debtor entities and Ronnie Frank Walraven were in default under a merchant agreement and demanding that all receivables processed through First American Payment Systems be held or redirected to Insight Capital LLC. The Debtors reserve all rights to challenge the validity, extent, and enforceability of this action.

The Debtors will supplement if additional actions are identified.

**Question 8. Assignments and receivership.**

*"List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case."*

None. No Debtor made an assignment for the benefit of creditors, and no receiver, custodian, or court-appointed officer has taken possession of any Debtor's property.

---

### *Part 4: Certain Gifts and Charitable Contributions*

**Question 9. Gifts or charitable contributions within two years before filing this case.**

*"List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000."*

None [All Debtors].

---

### *Part 5: Certain Losses*

**Question 10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

*"All losses from fire, theft, or other casualty within 1 year before filing this case."*

None. [All Debtors.]

---

### *Part 6: Certain Payments or Transfers*

**Question 11. Payments related to bankruptcy.**

*"List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case."*

| Payee | Payor Debtor | Date | Amount | Description |
|---|---|---|---|---|
| Statewide Consolidated | ER of Texas, LLC | October 1, 2025 – January 31, 2026 | $789,837 | Debt consolidation services; transferred via intercompany accounts from site-level entities through Chase ...5678 and Chase ...3770 |
| CM LAW, LLP | MedOps Staffing, LLC | February 8–10, 2026 | $100,000 retainer | Prepetition retainer for Chapter 11 representation; transferred from MedOps Staffing, LLC Chase account ...5593 |

Of the $100,000 retainer to CM LAW, LLP, $32,360 was applied prepetition (including $19,118 in filing fees), leaving a balance of $67,640. No other Debtor entity made separate payments for bankruptcy-related services.

**Question 12. Self-settled trusts.**

*"List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device. Do not include transfers already listed on this statement."*

None. No Debtor made any payments or transfers to a self-settled trust or similar device within 10 years before the Petition Date.

**Question 13. Transfers not already listed on this statement.**

*"List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement."*

None. No Debtor made any transfers outside the ordinary course of business not already disclosed elsewhere in this Statement.

**Question 11 (continued). Payments or transfers to attorneys within one year before filing.**

*"Within 1 year before filing this case, did the debtor make any payments or transfer any property to any attorney for services related to the debtor, including consultations, filing this case, or other services?"*

| Law Firm | Amount | Paying Entity | Notes |
|---|---|---|---|
| CM LAW, LLP (Richard G. Grant) | $100,000 retainer ($32,360 applied) | MedOps Staffing, LLC (Chase ...5593) | Bankruptcy counsel; transferred February 8–10, 2026 |

### *Part 7: Previous Locations*

**Question 14. Previous addresses.**

*"List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used."*

**Mailing and Corporate Addresses:**

| Address | Entities Using Address |
|---|---|
| 2800 Little Elm Pkwy, Little Elm, TX 75068 (current mailing/headquarters) | All Debtors |
| 7700 Windrose Ave, Plano, TX 75024 (prior corporate office) | All Debtors (prior mailing address; still appears on bank statements and UCC filings) |
| 8018 Preston Rd, Ste 505, Frisco, TX 75034 (prior office) | All Debtors (used on UCC filings, Nova18 loan documents, and formation records); PERT, PLLC; MedOps Staffing, LLC |
| 6735 Salt Cedar Way, Ste 300, Frisco, TX 75034 (prior registered agent address) | ER of Texas, LLC; ER of Texas Hurst, LLC; ER of Texas Colleyville, LLC; ER of Texas Texoma, LLC (registered agent address for DMI ERMM, LLC) |
| PO Box 986500, Boston, MA 02298 | ER of Texas Frisco, LLC (bank statement mailing address) |

**Facility Operating Addresses:**

| Debtor | Facility Address | Status |
|---|---|---|
| ER of Texas Little Elm, LLC | 2800 Little Elm Pkwy, Little Elm, TX 75068 | Active |
| ER of Texas Highland Village, LLC | 3160 Justin Rd, Highland Village, TX 75077 | Active |
| ER of Texas Colleyville, LLC | 5000 Hwy 121, Colleyville, TX 76034 | Active |

| ER of Texas Hillcrest LLC | 6215 Hillcrest Ave, Dallas, TX 75205 | Active |
|---|---|---|
| ER of Texas Hurst, LLC | 824 Airport Fwy, Hurst, TX 76054 | Active |
| ER of Texas Texoma, LLC | 115 W Travis St, Sherman, TX 75092 | Active |
| ER of Texas Frisco, LLC | 16300 Hwy 121, Frisco, TX 75035 | CLOSED |
| ER of Texas Uptown, LLC | 3607 Oak Lawn Ave, Ste 100, Dallas, TX 75219 | CLOSED |
| ER of Texas, LLC | No independent facility (headquarters at 2800 Little Elm Pkwy) | N/A |
| MedOps Staffing, LLC | No independent facility (headquarters at 2800 Little Elm Pkwy) | N/A |
| PERT, PLLC | No independent facility (headquarters at 2800 Little Elm Pkwy) | N/A |

### *Part 8: Health Care Bankruptcies*

**Question 15. Health care bankruptcies.**

*"Is the debtor primarily engaged in offering services and facilities for: diagnosing or treating injury, deformity, or disease, or providing any surgical, psychiatric, drug treatment, or obstetric care?"*

Yes — all Debtors are "health care businesses" under § 101(27A) of the Bankruptcy Code.

| Debtor | Facility Address | Status |
|---|---|---|
| ER of Texas Colleyville, LLC | 5000 Hwy 121, Colleyville, TX 76034 | Active |
| ER of Texas Frisco, LLC | 16300 Hwy 121, Frisco, TX 75035 | CLOSED |
| ER of Texas Highland Village, LLC | 3160 Justin Rd, Highland Village, TX 75077 | Active |
| ER of Texas Hillcrest LLC | 6215 Hillcrest Ave, Dallas, TX 75205 | Active |
| ER of Texas Hurst, LLC | 824 Airport Fwy, Hurst, TX 76054 | Active |

| ER of Texas Little Elm, LLC | 2800 Little Elm Pkwy, Little Elm, TX 75068 | Active |
|---|---|---|
| ER of Texas Texoma, LLC | 115 W Travis St, Sherman, TX 75092 | Active |
| ER of Texas Uptown, LLC | 3607 Oak Lawn Ave, Ste 100, Dallas, TX 75219 | CLOSED |
| ER of Texas, LLC | Parent — no independent facility | N/A |
| MedOps Staffing, LLC | Staffing entity — no independent facility | N/A |
| PERT, PLLC | Physician staffing entity — no independent facility | N/A |

Each operating facility is licensed as a Freestanding Emergency Medical Care Facility by the Texas DSHS. Patients are not kept overnight or for more than 24 hours.

### *Part 9: Personally Identifiable Information*

**Question 16. Personally identifiable information.**

*"Does the debtor collect and retain personally identifiable information of customers? If yes, state the nature of the information collected and retained. Does the debtor have a privacy policy about that information?"*

Yes. As health care businesses, all Debtors collect and retain protected health information (PHI) about patients, including names, addresses, dates of birth, Social Security numbers, medical record numbers, health plan beneficiary numbers, insurance information, and clinical data regarding diagnoses and treatment. Yes, the Debtors have privacy policies. The Debtors maintain HIPAA-compliant privacy policies and procedures governing the use and disclosure of PHI. Each facility maintains a Notice of Privacy Practices as required by 45 C.F.R. § 164.520.

**Question 17. ERISA and pension plans.**

*"Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit? If yes, does the debtor serve as plan administrator?"*

None.

*Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units*

**Question 18. Closed financial accounts.**

*"Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions."*

**JP Morgan Chase Bank, N.A. — Site-Level Entities:**

| Debtor | Account Type | Last 4 Digits |
|---|---|---|
| ER of Texas Little Elm, LLC | Operating | 0956 |
| ER of Texas Little Elm, LLC | Revenue | 8068 |
| ER of Texas Highland Village, LLC | Operating | 9255 |
| ER of Texas Highland Village, LLC | Revenue | 6032 |
| ER of Texas Colleyville, LLC | Operating | 6979 |
| ER of Texas Colleyville, LLC | Revenue | 6987 |
| ER of Texas Hillcrest LLC | Operating | 8150 |
| ER of Texas Hillcrest LLC | Revenue | 8168 |
| ER of Texas Texoma, LLC | Operating | 1165 |
| ER of Texas Texoma, LLC | Revenue | 1173 |
| ER of Texas Hurst, LLC | Operating | 7186 |
| ER of Texas Hurst, LLC | Revenue | 7210 |
| ER of Texas Frisco, LLC | Operating | 1995 |
| ER of Texas Frisco, LLC | Revenue | 2167 |
| ER of Texas Uptown, LLC | Operating | 3365 |
| ER of Texas Uptown, LLC | Revenue | 5170 |

**JP Morgan Chase Bank, N.A. — Service Entities:**

| Debtor | Account Type | Last 4 Digits |
|---|---|---|
| PERT, PLLC | Operating | 0985 |
| PERT, PLLC | Revenue | 9853 |
| MedOps Staffing, LLC | Operating | 5593 |

**JP Morgan Chase Bank, N.A. — ER of Texas, LLC (Parent):**

| Account Type | Last 4 Digits |
|---|---|
| Operating/Disbursement | 5678 |
| Operating/Disbursement | 3770 |
| Operating/Disbursement | 7136 |
| Money Market | 3982 |

**Encore Bank — ER of Texas, LLC (Parent):**

| Account Type | Last 4 Digits |
|---|---|
| Lockbox Account | 4023 |

**Additional Accounts Identified in Security Agreement (as of October 2024):**

| Debtor | Bank | Last 4 Digits | Type |
|---|---|---|---|
| ER of Texas Hurst, LLC | Chase | 7210 | Daily Collection |
| ER of Texas Uptown, LLC | Chase | 3365 | Operating |
| ER of Texas Uptown, LLC | Chase | 5170 | Daily Collection |
| ER of Texas Uptown, LLC | Encore Bank | ****506 | Daily Collection |

**Question 19. Safe deposit boxes.**

*"List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case."*

None. No Debtor maintains or has maintained any safe deposit boxes or similar depositories within 1 year before the Petition Date.

**Question 20. Off-premises storage.**

*"List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business."*

None. No Debtor maintains off-premises storage units or warehouses separate from its business facilities.

***Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own***

**Question 21. Property held for another.**

*"List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property."*

None. No Debtor holds or controls property owned by another entity, other than leased equipment and leased real property disclosed elsewhere.

### Part 12: Details About Environmental Information

**Question 22. Environmental proceedings.**

*"Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders."*

No. No Debtor has been a party to any judicial or administrative proceeding under any environmental law.

**Question 23. Environmental liability notices.**

*"Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?"*

No. No Debtor has received any notice of potential liability under any environmental law.

**Question 24. Hazardous material releases.**

*"Has the debtor notified any governmental unit of any release of hazardous material?"*

No. No Debtor has notified any governmental unit of any release of hazardous material. The Debtors operate freestanding emergency medical care facilities and do not engage in activities involving the release of hazardous materials as defined under environmental laws.

### Part 13: Details About the Debtor's Business or Connections to Any Business

**Question 25. Other businesses in which the debtor has or has had an interest.**

*"List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules."*

| Debtor | NAICS | Nature of Business | Location |
|---|---|---|---|
| ER of Texas, LLC | 6214 | Management company; centralized management | 2800 Little Elm Pkwy, Little Elm, TX 75068 |
| ER of Texas Colleyville, LLC | 6214 | FEMC — 24-hour emergency medical services | 5000 Hwy 121, Colleyville, TX 76034 |
| ER of Texas Frisco, LLC | 6214 | FEMC — CLOSED | 16300 Hwy 121, Frisco, TX 75035 |
| ER of Texas Highland Village, LLC | 6214 | FEMC — 24-hour emergency medical services | 3160 Justin Rd, Highland Village, TX 75077 |

| ER of Texas Hillcrest LLC | 6214 | FEMC — 24-hour emergency medical services | 6215 Hillcrest Ave, Dallas, TX 75205 |
|---|---|---|---|
| ER of Texas Hurst, LLC | 6214 | FEMC — 24-hour emergency medical services | 824 Airport Fwy, Hurst, TX 76054 |
| ER of Texas Little Elm, LLC | 6214 | FEMC — 24-hour emergency medical services | 2800 Little Elm Pkwy, Little Elm, TX 75068 |
| ER of Texas Texoma, LLC | 6214 | FEMC — 24-hour emergency medical services | 115 W Travis St, Sherman, TX 75092 |
| ER of Texas Uptown, LLC | 6214 | FEMC — CLOSED | 3607 Oak Lawn Ave, Ste 100, Dallas, TX 75219 |
| MedOps Staffing, LLC | N/A | Employee staffing services for ER of Texas entities | 2800 Little Elm Pkwy, Little Elm, TX 75068 |
| PERT, PLLC | N/A | Physician staffing services for ER of Texas entities | 2800 Little Elm Pkwy, Little Elm, TX 75068 |

**Question 26. Books, records, and financial statements.**

*"26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case. 26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case. 26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed. 26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case."*

All Debtors maintain books and records at 2800 Little Elm Parkway, Little Elm, TX 75068. Financial records are maintained through JPMorgan Chase Bank, N.A. and the Encore Bank lockbox.

**Question 27. Inventories.**

*"Have any inventories of the debtor's property been taken within 2 years before filing this case? Give the details about the two most recent inventories."*

Each active site-level Debtor maintains medical supplies inventory at its facility location. ER of Texas Frisco, LLC and ER of Texas Uptown, LLC are closed and have no active inventory. ER of Texas, LLC, MedOps Staffing, LLC, and PERT, PLLC do not maintain inventories. Detailed valuations are being compiled.

*Part 13 (continued): Officers, Directors, Managers, and Members*

**Question 28. Current officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor.**

*"List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case."*

**ER of Texas, LLC (Manager):**

| Name | Role | Allocation Percentage |
|---|---|---|
| Ronnie (Ron) Walraven | Manager / CEO | 33.33% |
| Michele Brownfield | Member | 33.34% |
| Phillip Michael Hawk, Jr. | Member | 33.33% |

**Site-Level Entities** (Colleyville, Frisco, Highland Village, Hillcrest, Hurst, Little Elm, Texoma, Uptown): Each is manager-managed by ER of Texas, LLC.

**MedOps Staffing, LLC:** Owned equally (33.33% each) by Ron Walraven, Michele Brownfield, and Michael Hawk.

**PERT, PLLC:** 100% owned by Dr. Megan Pearce.

**Question 29. Former officers, directors, managing members, general partners, members in control, or shareholders in control who no longer hold these positions.**

*"Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?"*

| Entity | Former Officer/Manager | Period |
|---|---|---|
| ER of Texas, LLC | Phillip Hawk (initial Manager per Certificate of Formation, April 28, 2020) | 2020–present |
| ER of Texas Little Elm, LLC | Michele Brownfield (initial Manager per Certificate of Formation, July 2, 2020) | 2020–present |
| ER of Texas Highland Village, LLC | Michele Brownfield (initial Manager per Certificate of Formation, July 2, 2020) | 2020–present |
| ER of Texas Hurst, LLC | DMI ERMM, LLC (registered agent); Eric Mattingly (organizer) per | 2021 |

| | Certificate of Formation (July 7, 2021) | |
|---|---|---|
| ER of Texas Hillcrest LLC | DMI ERMM, LLC (registered agent); Eric Mattingly (organizer) per Certificate of Formation (July 7, 2021) | 2021 |
| ER of Texas Colleyville, LLC | DMI ERMM, LLC (registered agent); Eric Mattingly (organizer) per Certificate of Formation (July 7, 2021) | 2021 |
| ER of Texas Texoma, LLC | DMI ERMM, LLC (registered agent); Eric Mattingly (organizer) per Certificate of Formation (July 7, 2021) | 2021 |

Will be supplemented as additional records are reviewed.

---

### Part 13 (continued): Payments, Distributions, or Withdrawals to Insiders

**Question 30. Payments, distributions, or withdrawals credited or given to insiders.**

*"Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?"*

None. No dividends or distributions have been declared, paid, or accrued in the last two years for any Debtor.

**Question 31. Consolidated tax group.**

*"Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?"*

No. No Debtor has been a member of a consolidated group for federal income tax purposes within 6 years before the Petition Date. Each Debtor is a pass-through entity (LLC or PLLC) for federal income tax purposes.

**Question 32. Pension fund contributions.**

*"Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?"*

To be confirmed. The Debtors are reviewing records to determine whether any pension fund contribution obligations exist. The Debtors will supplement this response.

---

The Debtors reserve the right to amend, supplement, or otherwise modify this Addendum as additional information becomes available.